**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Galagher & Kennedy, P.A., an Arizona Professional Association,<br><br>Petitioner,<br><br>v.<br><br>James Willett, an individual; Yakima Compost Company, a Washington corporation; and The Yakima Company, Inc., a Washington corporation,<br><br>Respondents. | No. CV12-00373-PHX-DGC<br><br>**ORDER** |

On April 25, 2012, the Court granted Gallagher & Kennedy, P.A.'s ("G&K") petition to compel arbitration pursuant to 9 U.S.C. § 4 and the parties' fee agreement, and denied Respondents James Willett, Yakima Compost Company, and The Yakima Company, Inc.'s (collectively "Yakima") motion for leave to file a complaint.[1]  Doc. 24. Yakima now asks the Court to reconsider its order compelling arbitration on two grounds: *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996 (9th Cir. 2010), requires a different outcome, and Yakima's previous statement regarding the breadth of the arbitration provision was intended to admit only that at least one claim was arbitrable, not all claims.  Doc. 25.  The Court will deny the motion.

---

[1] The facts and procedural history of the case are set forth in the Court's order granting the petition to compel arbitration (Doc. 24), and will not be repeated in this order except as necessary to explain the Court's ruling.

### I.  Legal Standard.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. April 15, 2008). Nor should reconsideration be used to ask the Court to rethink its analysis. *Id.*; *N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) new material factual events have occurred after the Court's initial decision, (3) there has been a material change in law after the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

### II.  Crux of the Complaint.

In *Buckeye Check Cashing, Incorporated v. Cardegna*, 546 U.S. 440 (2006), the Supreme Court held that the validity of an arbitration clause can be a question for the arbitrator where the crux of the complaint is that the contract as a whole (including its arbitration provision) is invalid. The court determines the validity of the clause where the challenge is specifically to the validity of the agreement to arbitrate. *Id.* at 444. Since *Buckeye*, the Ninth Circuit has applied the "crux of the complaint" rule as a method for

1  differentiating between challenges to the arbitration provision alone and challenges to the
2  entire contract.  *See Bridge Fund Capital Corporation v. Fastbucks Franchise*
3  *Corporation*, 622 F.3d 996, 1001 (9th Cir. 2010).  In *Bridge Fund*, the Ninth Circuit
4  explained that a court decides the validity of the arbitration clause "when a plaintiff
5  argues that an arbitration clause, standing alone, is unenforceable . . . for reasons
6  independent of any reasons the remainder of the contract might be invalid[.]" *Id.* at 1000.
7  "[T]he material question is whether the challenge to the arbitration provision is severable
8  from the challenge to the contract as a whole[.]  What matters is the substantive basis of
9  the challenge." *Id.* at 1001 (citations omitted).

10  Yakima acknowledges that "[w]hat matters is whether there is some additional
11  independent ground supporting the challenge against the arbitration provision itself that
12  does not apply to the challenge to the contract as a whole." Doc. 25, at 4.  Yakima claims
13  that the following allegations in their motion papers specifically challenge the arbitration
14  provision:  they were unfamiliar with arbitration provisions because the arbitration clause
15  in the Contingency Fee Agreement was not included in the prior fee agreement; G&K
16  failed to explain the implications of signing an arbitration agreement, specifically that the
17  procedure would be limited with no judge or jury; they did not understand what rights
18  they were giving up when they signed the arbitration agreement because they did not
19  have independent counsel to advise them of the consequences of binding arbitration; the
20  arbitration provision was offered on a take-it-or-leave-it basis; and they were unfairly
21  surprised once they knew what the arbitration provision meant.  Doc. 25, at 5.

22  *Bridge Fund* made clear that a separate and distinct challenge to an arbitration
23  provision may be contained in the party's motion papers and need not be contained in the
24  complaint.  622 F.3d at 1001-02.  However, the challenge to the arbitration provision
25  must still be independent and severable from the challenge to the validity of the fee
26  agreement as a whole. *See id.*  The Court previously considered the allegations identified
27  above and concluded that they are the same arguments made by Yakima against the entire
28  fee agreement. *See* Doc. 24, at 8.  Yakima's proposed complaint repeatedly alleges that

1 G&K failed to educate Yakima on the effect of the contingency fee agreement and how
2 such fee agreements are used, and that G&K failed to advise Yakima to seek independent
3 counsel regarding the proposed contingent fee agreement. *See, e.g.*, Doc. 14-1, at 6, 7, 9,
4 12, 14, 16. Furthermore, as the Court noted in its prior order, Yakima's arguments
5 against the reasonableness of the arbitration clause and its procurement through duress
6 and misrepresentations are the same arguments made by Yakima in their proposed
7 complaint. Claim 4 alleges that "[t]he *Contingent Fee Agreement* is unconscionable by
8 . . . [i]ncluding an arbitration provision in the fee agreement[.]" Doc. 14-1, at 10
9 (emphasis added). Claim 5 – asserting duress and undue influence – likewise concerns
10 the entire agreement: "G&K waited until it was in a position of power and when Yakima
11 felt vulnerable to insist upon a *contingent fee arrangement*"; "G&K threatened to
12 withdraw as counsel if Yakima did not agree to the *unreasonable fees* sought by G&K";
13 "G&K failed to educate Yakima on the meaning of the *Contingency Fee Agreement* and
14 how traditional contingency fee agreements are used." Doc. 14-1, at 11-12 (emphasis
15 added). Claim 7 alleges that "the Contingent Fee Agreement and its arbitration provision
16 was obtained through fraud/misrepresentations" (*id.* at 13), but the paragraphs that follow
17 do not mention the arbitration clause.

18 It is clear that the substantive basis of Yakima's challenge to the arbitration
19 provision is the same as their challenge to the fee agreement as a whole. Because the
20 crux of the complaint is the invalidity of the fee agreement as a whole, the validity of the
21 arbitration clause is a question for the arbitrator. *Bridge Fund*, 622 F.3d at 1000-01;
22 *Buckeye*, 546 U.S. at 444.

23 **III.  Scope of the Arbitration Provision.**

24 The Court's role under the FAA is limited to determining "(1) whether a valid
25 agreement to arbitrate exists, and if it does, (2) whether the agreement encompasses the
26 dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130
27 (9th Cir. 2000) (citing 9 U.S.C. § 4; *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719-20
28 (9th Cir. 1999)). The Court did not previously address the scope of the arbitration

provision because in their response to G&K's petition to compel arbitration, Yakima explicitly "acknowledge[d] that the alleged agreement encompasses the dispute at issue." Doc. 13, at 5-6. At that time, Yakima only took issue with whether the parties had a valid agreement to arbitrate. *See id.*

Yakima now clarifies that their statement "was intended only to indicate that, of its ten total claims, at least one of the claims fell within the scope of the arbitration provision." Doc. 25, at 6. Yakima explains that at the time they made this "overly broad statement, only the Petition to Compel Arbitration was at issue and it did not appear to make a difference whether one or all of Yakima's claims fell within the scope of the arbitration provision. For this reason, it did not seem efficient to discuss this issue at length." *Id.* Yakima also explains that their complaint had not yet been lodged, so there was no framework for addressing each of their ten claims and whether each fell within the scope of the arbitration provision. *Id.* However, Yakima filed their motion for leave to file a complaint and a copy of their proposed complaint (Docs. 14, 14-1) on March 9, 2012, the same day that they responded to G&K's petition to compel arbitration (Doc. 13). It appears that Yakima had already formulated their claims when they conceded that the arbitration agreement encompasses the dispute at issue. Yakima has not provided a legitimate reason for why they could not have raised their arguments regarding the scope of the arbitration provision in their response to the petition to compel arbitration.

Yakima claims that they did not become aware of the necessity of discussing the scope of the arbitration provision until G&K filed a motion to dismiss the complaint. Doc. 25, at 6-7. When G&K responded to Yakima's motion for leave to file a complaint, it alternatively moved to dismiss in the event that the Court were to grant Yakima leave. Doc. 21. The Court did not construe G&K's alternative argument for dismissal as a separate motion to dismiss. To the extent that Yakima argues that it should have had an opportunity to respond to the motion to dismiss, at which point it would have raised challenges to the scope of the arbitration provision (Doc. 25, at 7; Doc. 23, at 1), the

Court finds that G&K's motion to dismiss, if construed as such, would have been premature because the Court had not yet granted Yakima leave to file a complaint. The Court will not consider Yakima's new arguments regarding the scope of the arbitration provision at the motion for reconsideration stage, when Yakima has not made a convincing showing as to why they did not present these arguments earlier in response to the petition to compel arbitration.

**IV. Conclusion.**

Yakima has not shown manifest error, or new facts or legal authority that could not have been brought to the Court's attention with reasonable diligence. *See* LRCiv 7.2(g)(1). The motion for reconsideration will therefore be denied.

**IT IS ORDERED** that Respondents' motion for reconsideration (Doc. 25) is **denied**.

Dated this 23rd day of May, 2012.

_____
David G. Campbell
United States District Judge